```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
VICTOR ESCOBAR,                                            :
                                                           :
                            Plaintiff,                     :       **MEMORANDUM AND ORDER**
                                                           :
           - against -                                     :
                                                           :
CITY OF NEW YORK, NEW YORK CITY                            :       1:05-cv-3030-ENV-CLP
POLICE DEPARTMENT, RAYMOND W.                              :
KELLY, as Commissioner of the New York City                :
Police Department, DET. EDWARD                             :
JACOBOWSKI, DET. AL ARCE,                                  :
SGT. ERNEST BARELLI, HONORABLE                             :
RICHARD BROWN, as District Attorney of                     :
Queens County, and GREGORY PAVLIDES,                       :
Assistant District Attorney, Queens County,                :
                                                           :
                            Defendants.                    :
                                                           :
-----------------------------------------------------------X
```

VITALIANO, D.J.

Plaintiff Victor Escobar ("Plaintiff") brought this action on June 23, 2005, pursuant to 42 U.S.C. §§ 1981 and 1983, claiming that defendants violated his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, by unlawfully searching him, falsely arresting him, and maliciously prosecuting him. Defendants City of New York, New York City Police Department, Raymond W. Kelly, and Richard Brown now move, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings. For the reasons set forth, the motion is granted with regard to defendants New York City Police Department, Raymond W. Kelly, and Richard Brown, and denied with regard to the City of New York.

**Background**

Plaintiff alleges that he was illegally seized on August 20, 2003, while he was lawfully parked in a car in Queens County, New York, engaged in no illegal conduct whatsoever. Compl. ¶ 16. He claims the defendant New York City police officers, who were wholly unable to communicate with him due to a language barrier, conducted a warrantless search of the car and discovered a sum of United States currency, which they seized without reason. Id. ¶¶ 17-18. Plaintiff was arrested and later charged with money laundering in the second degree. N.Y. Penal Law § 470.15. Prosecutors offered to drop criminal charges if plaintiff would waive his claim to the seized funds, but plaintiff refused, and his incarceration continued because he could not afford to post bail in the amount of $500,000. Id. ¶¶ 20-22. Plaintiff was indicted by a grand jury sitting in Queens County, and thereafter, Justice Sheri S. Roman of the New York Supreme Court, Queens County, determined, after holding a suppression hearing, that police officers had no probable cause to arrest plaintiff or to seize funds contained within the car. Id. ¶¶ 25, 30. The indictment was dismissed on April 21, 2004. Id. ¶ 31.

Plaintiff claims that his prosecution "was an unfounded ruse, maliciously tailored for the distinct purpose of creating leverage by which the Defendants intended to impel Plaintiff to waive any claims to the seized currency, so that the same would be forfeited to the Government." Id. ¶ 43. He claims that the police officers' conduct resulted from a *de facto* policy of the City of New York and New York City Police Department which permitted officers to make false arrests, file false charges in court, and commit perjury regarding the false charges. Id. ¶ 50. Specifically, he claims that the Police Department has a policy of "seize first, ask questions

later" when it comes to large sums of cash. Id. ¶¶ 14-15. Plaintiff further alleges that the City and its Police Department are deliberately indifferent to such behavior and fail to train and supervise police officers with regard to warrantless arrests and seizures of currency. Id. ¶ 52.

As a result of his encounter with the police and its prosecutorial aftermath, plaintiff claims that he was the victim of an unlawful search and seizure, malicious prosecution, and abuse of process, in violation of the Fourth and Fourteenth Amendments. Plaintiff also invokes the First Amendment, Fifth Amendment, and Equal Protection Clause of the Fourteenth Amendment.

**Discussion**

When deciding a motion for judgment on the pleadings, Fed. R. Civ. P. 12(c), a court applies the same standard used in deciding a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . ." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001). Accordingly, the complaint is construed in a light most favorable to the plaintiff, and all of its allegations are assumed to be true. Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 283 (2d Cir. 2005); Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir. 2003); Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998). Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). Still, the complaint must present "enough facts to state a claim to relief that is plausible on its face"; it must be

3

"above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965, 1974 (May 21, 2007).

I.      *The Complaint States a Claim Against The City of New York*

A municipality may not be held liable for its employees' constitutional violations under a general *respondeat superior* theory. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). In Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the Supreme Court rejected application of a heightened pleading standard to municipal liability claims brought pursuant to 42 U.S.C. § 1983. Id. at 168; see also Hall v. Marshall, 479 F. Supp. 2d 304, 316 (E.D.N.Y. 2007); Nesbitt v. County of Nassau, No. 05-cv-5513, 2006 WL 3511377, at *3-4 (E.D.N.Y. Dec. 6, 2006).

The complaint alleges that the City of New York fails to properly train, supervise, and discipline its police officers, thus leading to unlawful seizures and the imposition of false charges against private citizens – as in plaintiff's case. Plaintiff further claims that the City has a policy of "seize first, ask questions later" when it comes to large sums of money. Given the relaxed pleading standard of Federal Rule of Civil Procedure 8(a)(2), plaintiff alleges enough to survive the City's motion for judgment on the pleadings.

Defense counsel has presented materials outside of the pleadings in attempting to show

4

that the individually-named police officers did not violate plaintiff's constitutional rights – a finding that would preclude imposition of municipal liability. However, since discovery is not yet complete – plaintiff has not, for example, deposed the police officers – this Court will not accept the City's invitation to convert the motion for judgment on the pleadings into a motion for summary judgment. Plaintiff's reference to qualified immunity is completely misplaced, as: (i) the individually named defendants are not before the Court, therefore obviating the need to resolve qualified immunity altogether, let alone at an early point in the litigation, see Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); and (ii) if a constitutional violation occurred, then the individual officers' qualified immunity is irrelevant to the City's municipal liability, *i.e.*, the City may still be liable "even if the arresting officers are not held responsible because of some good faith belief." Kuha v. City of Minnetonka, 365 F.3d 590, 603 (8th Cir. 2003) (citation omitted), *abrogated on other grounds by* Szabla v. City of Brooklyn Park, ___ F.3d ___, 2007 WL 1452595 (8th Cir. May 18, 2007).

II.     *The Complaint Fails to State a Claim Against District Attorney Brown*

Plaintiff has named Richard Brown, District Attorney of Queens County, as a defendant. The complaint fails to state a claim against Brown.

When a New York State county district attorney is sued in his official capacity for quasi-judicial acts – *e.g.* charging decisions – he is "properly deemed to be an official of New York State and [is] entitled to invoke Eleventh Amendment immunity." Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993); Peterson v. Tomaselli, 469 F. Supp. 2d 146, 157 (S.D.N.Y. 2007). Thus, to the extent that the complaint seeks damages from Brown, in his

official capacity, for damages stemming from his office's prosecutorial decisions, the Eleventh Amendment is a complete bar to recovery.

Further, though a district attorney may be sued in his individual capacity, he may not be held liable under a general *respondeat superior* theory for the acts of assistant district attorneys. Ying Jing Gan, 996 F.2d at 536. A plaintiff must instead show that the district attorney was personally involved in the alleged constitutional violation. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991). Personal involvement of a supervisory official may be established by showing that: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Wright, 21 F.3d at 501). Plaintiff pleads no facts that would support a claim against District Attorney Brown on any of these theories. Plaintiff makes no allegation that the District Attorney personally prosecuted his case; in fact, the complaint never even references District Attorney Brown – not even in the "parties" section. To the extent, then, that plaintiff seeks to hold the District Attorney personally liable, his claim fails because he alleges no facts tending to show the District Attorney's personal involvement in his case. Plaintiff's claims against Brown are, accordingly,

6

dismissed.

III.   *The Complaint Fails to State a Claim Against Commissioner Raymond Kelly in His Individual Capacity*

Plaintiff's complaint names Raymond W. Kelly, "as Commissioner of the New York City Police Department," suggesting that plaintiff brings this claim against the Police Commissioner in his official capacity. A suit for damages against a municipal officer *in their official capacity* is the equivalent of a damage suit against the municipality itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). "To the extent the Police Commissioner is being sued in his official capacity, any claim against him is merely duplicative of the action against the City." Nogue v. City of New York, No. 98-cv-3058, 1999 WL 669231, at *7 n.13 (E.D.N.Y. Aug. 27, 1999); Walton v. Safir, 122 F. Supp. 2d 466, 477 n.12 (S.D.N.Y. 2000) ("[S]uing the Police Commissioner adds nothing."). To succeed on the claim against the Police Commissioner in his official capacity, plaintiff must still show that a City of New York custom, policy, or practice was the moving force behind the alleged constitutional violations. See Barry v. New York City Police Dep't, No. 01-cv-10627, 2004 WL 758299, at *9 (S.D.N.Y. Apr. 7, 2004). "Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'" Robinson v. Dist. of Columbia, 403 F. Supp. 2d 39, 49 (D.D.C. 2005) (quoting Cooke-Seals v. Dist. of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997)); Petruso v. Schlaefer, 474 F. Supp. 2d 430, 441 (E.D.N.Y. 2007) (citing Orange v. County of Suffolk, 830 F. Supp. 701, 706-07 (E.D.N.Y. 1993)); Longo v. Suffolk County Police

Dep't, 429 F. Supp. 2d 553, 558 n.1 (2006). Since the City is named in the complaint, any claims against the Police Commissioner in his official capacity are dismissed as redundant and duplicative.

Further, it does not appear that plaintiff seeks to bring a claim against the Police Commissioner in his individual capacity. Regardless, like District Attorney Brown, Police Commissioner Kelly cannot be held individually liable under a *respondeat superior* theory. "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority,' but can be held liable if he was personally involved in the alleged deprivation." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Plaintiff pleads no facts that would suggest Commissioner Kelly's personal involvement in his arrest or prosecution. This being the case, and with the complaint in no way suggesting that plaintiff has a good faith basis for raising a claim against the Police Commissioner in his individual capacity, all claims against Raymond W. Kelly are dismissed.

IV. *Plaintiff Cannot Sue the New York City Police Department*

Plaintiff has named the New York City Police Department as a defendant. The capacity of a city agency "to sue or be sued shall be determined by the law of the state in which the district court" sits. See Fed. R. Civ. P. 17(b). The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, Ch. 17, § 396. Accordingly, it is well

established that a plaintiff's legal claims against the New York City Police Department must be addressed in a lawsuit against the City of New York.  Nance v. N.Y.C. Police Dep't, No. 06-cv-306, 2006 WL 1027128, at *2 (E.D.N.Y. Jan. 30, 2006); Piferrer v. New York City Police Dep't, No. 98-cv-191, 1999 WL 169505, at *1 (E.D.N.Y. Mar. 3, 1999); Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996).  Accordingly, plaintiff's claims, to the extent they are brought against the New York City Police Department, are dismissed.

**Conclusion**

For the foregoing reasons, all federal claims against defendants Raymond W. Kelly, Richard Brown, and the New York City Police Department are dismissed.  The Court will not exercise supplemental jurisdiction over any state law claims brought against these defendants.  Due to the age of this matter, Magistrate Judge Cheryl L. Pollak is respectfully requested to place and keep the parties on an expedited discovery track.

**SO ORDERED.**

Dated: Brooklyn, New York
       June 24, 2007

                          / s / Eric N. Vitaliano
                          ERIC N. VITALIANO
                          United States District Judge