UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTOR ESCOBAR,

                Plaintiff,                                  ORDER

              - against -                             05-CV-3030 (ENV) (CLP)

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, RAYMOND W.
KELLY, as Commissioner of the New York
City Police Department, DET. EDWARD
JACOBOWSKI, DET. AL ARCE,
SGT. ERNEST BARELLI, HONORABLE
RICHARD BROWN, as District Attorney of
Queens County, and GREGORY PAVILDES,
Assistant District Attorney, Queens County,

                Defendants.
------------------------------------------------------------------X

**VITALIANO, D.J.**

On October 23, 2009, Magistrate Judge Cheryl L. Pollak issued a Report and Recommendation ("R&R") in which she recommended (1) that plaintiff's service upon three individually named police officers, Detective Edward Jacobowski, Detective Al Arce, and Sergeant Ernest Barelli be deemed insufficient and (2) that, because the Court lacks personal jurisdiction over them, plaintiff's claims be dismissed with prejudice. Plaintiff Victor Escobar filed a timely objection to the R&R on November 5, 2009. The Special Federal Litigation Division of the New York City Law Department ("Corporation Counsel"), representing the City of New York (the "City"), filed a response to plaintiff's objection on November 25, 2009. After careful consideration of Escobar's objections, and for the reasons that follow, this Court adopts Magistrate Judge Pollak's Report and Recommendation in its entirety as the opinion of the Court.

## I. BACKGROUND

On June 23, 2005, Victor Escobar filed this action, pursuant to 42 U.S.C. §§ 1981 and 1983, alleging that the City, the New York City Police Department ("NYPD"), NYPD Commissioner Raymond W. Kelley, Detective Edward Jacobowski, Detective Al Arce, Sergeant Ernest Barelli, Queens County District Attorney Richard Brown, and Queens County Assistant District Attorney Gregory Pavlides, violated plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff alleges that these violations stem from defendants' unlawful search of plaintiff's vehicle on August 20, 2003, which resulted in the seizure of a large sum of United States currency and the alleged false arrest and malicious prosecution of plaintiff. As a result, Escobar claims to have suffered physical and emotional distress. He seeks compensatory and punitive damages, as well as attorneys' fees and costs.

On June 25, 2007, the Court dismissed plaintiff's claims against the NYPD, Commissioner Kelly, and District Attorney Brown pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court upheld the federal Monell claim[1] against the City, holding that plaintiff had alleged enough to survive the City's motion for judgment on the pleadings. On December 8, 2008, the Court granted defendant Pavlides' motion for judgment on the pleadings and dismissed the action against him with prejudice.

On September 14, 2007, Magistrate Judge Pollak ordered plaintiff to file affidavits of service for police officers Jacobowski, Arce, and Barelli. When plaintiff failed to comply, the Court issued an Order to Show Cause why the case should not be dismissed for failure to file the proper

---

[1] A party bringing a claim against a municipality under 42 U.S.C. § 1983 must demonstrate that an official policy or custom of the municipality caused him to be subjected to a denial of a constitutional right. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).

affidavits. On December 18, 2008 counsel for plaintiff advised Magistrate Judge Pollak that there were no affidavits of service for the individual police officers. Magistrate Judge Pollak ordered the parties to brief the issue of service. On February 13, 2009, Escobar submitted a motion contending that the individual officer's had been properly served and seeking the entry of a default against them. On March 17, 2009, the City submitted its opposition to that motion contending that the individual police officer defendants had not been properly served. On October 23, 2009, Magistrate Judge Pollak issued her R&R recommending that all claims against defendants Jacobowski, Arce, and Barelli be dismissed with prejudice.

## II. DISCUSSION

### A. STANDARD OF REVIEW

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the" magistrate judge. 28 U.S.C. § 636(b)(1)(C). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

### B. SERVICE OF PROCESS AND PERSONAL JURISDICTION

Rule 4 of the Federal Rules of Civil Procedure states the requirements for properly serving a summons. FED. R. CIV. P. 4. Proper service of a summons is a "prerequisite to the court's exercise of personal jurisdiction over a defendant." Xie v. Lin, No. 06 CV 142, 2007 WL 423806, at *3 (S.D.N.Y. Feb. 7, 2007); see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006); R&R at 4.

Failure of a plaintiff to properly serve a defendant deprives the court of personal jurisdiction over that defendant. See, e.g., Kliernan v. Hermes Int'l, No. 09-CV-01508, 2009 WL 2707343, at *2 (E.D.N.Y. Aug. 24, 2009).

A claim of improper service must be raised in the defendant's "first significant defensive move—whether it be by way of a Rule 12 motion or a responsive pleading." Sassower v. City of White Plains, No. 89 CV 1267, 1993 WL 378862, at *6 (S.D.N.Y. Sept 24, 1993) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (2d ed. 1990)). Here, the City made a timely claim of improper service in its first Answer to the Complaint.[2] When the validity of personal jurisdiction or service of process is challenged under Rules 12(b)(2) or 12(b)(3) of the Federal Rules of Civil Procedure, the burden rests at all times upon the plaintiff to prove that process was properly and sufficiently served.[3] See CutCo Indus. v. Naughton, 806 F.2d 361, 365 (2d Cir.1986); Keller v. Star Nissan, Inc. No. 07-CV-4551, 2009 WL 4281038, at *4 (E.D.N.Y. Nov. 30, 2009); R&R at 5.

Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service in accordance with the law of the state in which the district court is located or in which service is made. FED. R. CIV. P. 4(e)(1). Under New York law, a plaintiff may serve process by:

> [D]elivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or

---

[2] Additionally, Pavlides stated his belief that defendants Arce, Barelli, and Jacobowski had not been properly served in his motion to dismiss. (Hazan Decl. ¶¶ 19, 20).

[3] Escobar's first objection is flawed because it misconstrues Magistrate Judge Pollak's application of the law. In summarizing the law applicable to the service of process, Magistrate Judge Pollak wrote, "[a]lthough failure to make proof of service does not affect the validity of service, Fed. R. Civ. P. 4(l), if a plaintiff fails to submit proof sufficient to overcome a sworn affidavit that a defendant was not served with process, a motion to dismiss may be granted." R&R at 6 (citing Sassower, 1993 WL 378862, at *7. Magistrate Judge Pollak did not, however, assert that a sworn affidavit contesting service was submitted by the defendants in this case. Rather, Magistrate Judge Pollak correctly stated that the burden of demonstrating proper service at all times rests with the plaintiff, a burden that Escobar failed to meet.

her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business.

N.Y.C.P.L.R. § 308(2). The term "actual place of business" has been defined as a place where the defendant is regularly physically present or regularly transacts business. R&R at 8 (citing Underwood v. Shukat, No. 01 CV 786, 2002 WL 1315597, at *1 (S.D.N.Y. June 14, 2002)). Also, Federal Rule 4(l) and N.Y.C.P.L.R. § 308 require that a plaintiff in a civil suit file an affidavit of service demonstrating that proper service was effectuated on the defendant. "Failure to prove service does not affect the validity of service." FED. R. CIV. P. 4(l)(3). The court may allow a plaintiff to amend the failure to file an affidavit of service by submitting proof of proper service. FED. R. CIV. P. 4(l)(3); see also Sassower, 1993 WL 378862, at *7.

Here, plaintiff not only failed to submit affidavits of service, but the documentation submitted in lieu of affidavits of service was insufficient to prove that defendants were served at their "actual place of business," as required by C.P.L.R. § 308. First, plaintiff provided a summons addressed to Detective Arce with a time stamp reflecting that the summons was received by the Queens County District Attorney's Office. There is, however, no evidence that Detective Arce regularly transacts business, or is regularly physically present, at the Queen's County District Attorney's Office. Second, plaintiff submitted a summons addressed to Sergeant Barelli with a time stamp bearing the words "Police Department City of New York." Contrary to plaintiff's assertions, there is no indication the summons was served at the NYPD headquarters. Even if the summons was served at police headquarters, One Police Plaza, in Manhattan, plaintiff has not demonstrated that Sergeant Barelli regularly conducts business there or that he is regularly physically present there. As Magistrate Judge Pollak noted, absent unusual circumstances warranting service at police headquarters—ones not present here—service should be made to individual police precincts. See

R&R at 13 (distinguishing Closure v. Onandaga County, No. 06 CV 926, 2007 WL 446595 (N.D.N.Y. Feb 7, 2009), which noted the need to protect the home addresses of undercover officers and the parties agreed to service at police headquarters, and Nolan v. City of Yonkers, 168 F.R.D. 140 (S.D.N.Y. 1996), which explained the unusual circumstances warranting service at police headquarters. Third, no documentation of service was submitted for Detective Jacobowski at all. Additionally, when a defendant is not personally served, C.P.L.R. § 308 requires a copy of the summons to be mailed to the defendant at either his residence or actual place of business. N.Y.C.P.L.R. § 308(2). Plaintiff has failed to submit proof that copies of the summons were ever mailed to any of the individual police officers.[4]

If a plaintiff fails to serve a defendant within 120 days of the filing of the complaint, the court, upon motion or sua sponte, must either dismiss the action without prejudice or order that service be made within a specified time. FED R. CIV. P. 4(m). The court must extend the time for service if the plaintiff shows good faith, and the court also has discretion to grant extensions under other circumstances. FED. R. CIV. P. 4(m). When a court allows the plaintiff beyond 120 days to serve the defendant, and the plaintiff fails to do so, a court may dismiss the action with prejudice. R&R at 6–7. In the present case, 1582 days passed from the time that the complaint was filed to the time that Magistrate Judge Pollack issued the R&R. During this time, plaintiff failed to cure the problem of improper service and to comply or show good cause as to why he was unable to serve the officers. Thus, the Court finds that Magistrate Judge Pollak's recommendation of dismissal of

---

[4] Escobar's second objection contests Magistrate Judge Pollak's finding that his failure to file affidavits of service warrants a dismissal of the claims against the individual police officers for lack of personal jurisdiction. Escobar is correct that such a failure standing alone does not affect the validity of service. But, again, when a plaintiff does not file affidavits of service, he must produce other evidence to establish proper service. FED. R. CIV. P. 4(l)(3). For the reasons set forth above, the Court finds that Magistrate Judge Pollak's R&R explained in sufficient detail why the evidence presented by plaintiff failed to provide sufficient proof of proper service.

plaintiff's claims with prejudice is appropriate.

### C. ESCOBAR'S REMAINING OBJECTIONS

Escobar argues that Magistrate Judge Pollak was required to hold a traverse hearing regarding the validity of process and that her failure to do so was a violation of his right to due process. A "traverse" is a denial of a material fact in an opponent's pleading. BLACK'S LAW DICTIONARY (8th ed. 2004). Under New York law a traverse hearing is required when there exists a genuine issue of fact over whether service was properly made. See CSC Holdings, Inc. v. Fung, 349 F.Supp.2d 613, 617 (E.D.N.Y. 2004); LePatner & Associates, LLP v. Horowitz, 24 Misc.3d 187, 882 N.Y.S.2d 829, 832 (N.Y. Sup. 2009); Dime Sav. Bank of New York v. Steinman, 206 A.D.2d 404, 613 N.Y.S.2d 945, 946 (2d Dep't. 1994).

Magistrate Judge Pollak has not denied plaintiff due process by refusing to conduct a traverse hearing. Under New York law, an affidavit of service is prima facie evidence of the method of service and creates the presumption that the defendant was properly served. See Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am., Inc., 301 F.3d 54, 57 (2d Cir 2002). A sworn denial of service rebuts the presumption of proper service; the plaintiff must then establish jurisdiction by a preponderance of the evidence at a traverse hearing. No hearing is required where the defendant fails to swear to "specific facts to rebut the statements in the process server's affidavits." Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am., Inc., 301 F.3d 54, 57 (2d Cir 2002) (quoting Simonds v. Grobman, 277 A.D.2d 369, 716 N.Y.S.2d 692, 693 (App. Div. 2000)); see also Federal Nat. Mortg. Ass'n v. Rick Mar Const. Corp., 138 Misc.2d 316, 523 N.Y.S.2d 963, 967 (N.Y. Sup. 1988) (stating that "in order to be granted a traverse hearing a party must present some question of fact

rather than a mere denial of service."). Of course, here, plaintiff has not produced documentation sufficient to show proper service, let alone submitted an affidavit of service creating a presumption of proper service. There being no such demonstration, there is nothing for defendants to rebut. Therefore, Escobar is not entitled to a traverse hearing to determine whether service was valid.

## III. CONCLUSION

After careful de novo review of all the evidence in the record below, the Court finds Magistrate Judge Pollak's R&R to be correct, comprehensive, well-reasoned, and free of any clear error. The R&R is, therefore, adopted in its entirety as the opinion of the Court and the claims against defendants Jacobowski, Arce, and Barelli are dismissed. Because the only remaining claim in this matter is a Monell claim against the City, which cannot stand in the absence of individual liability, in light of the fact that the injuries complained of were alleged to be solely attributable to the actions of the named individual defendants, cf. City of Los Angeles v. Heller, 475 U.S. 796, 798-99 (1986) (per curiam); Barrett v. Orange County Human Rights Comm'n, 194 F.3d 341, 350 (2d Cir. 1999), the claim against the City is hereby dismissed. The Clerk is directed to enter Judgment for defendants and to close this case.

SO ORDERED.

DATED: Brooklyn, New York
February 19, 2010

ERIC N. VITALIANO
United States District Judge